UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT E. DUTTON,

                Plaintiff,

        -against-

SWISSPORT USA, INC.,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

04 CV 3417 (RJD) (LB)

DEARIE, District Judge.

Pro se plaintiff Robert E. Dutton brings this action against his former employer Swissport USA, Inc. under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 et seq., alleging discrimination. Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff's claim is untimely and fails to state a claim under the ADA. For the reasons stated below, the motion is denied.

I. **BACKGROUND**

Plaintiff was a baggage handler for Swissport USA, Inc. As a Swissport employee, Plaintiff sustained a work-related injury to his back in August of 2001 but returned to work in January 2002.

A. **The Incident**

On March 5, 2002, plaintiff arrived at work for his midnight shift. He alleges that he injured his back while fixing a dolly cart and complained to his managers who ignored his request for an ambulance. Worker's Compensation Board hearing ("WCB") Tr. at 4, 5.[1] Defendant

---

[1] The Court takes judicial notice of both the facts as set forth in the transcript from the Worker's Compensation Board hearing and plaintiff's employment discrimination complaint filed with the New York State Division of Human Rights, which plaintiff filed with this Court

contends that plaintiff's supervisors did not know about his back injury but that plaintiff had refused to move carts as instructed and threw a can against a wall in protest. Id. at 14, 15, 28, 29. Plaintiff went to the Jamaica Hospital Emergency Department where he was diagnosed with lumbosacral strain. Pl. Ex. in Opp., "Emergency Department Aftercare Sheet."

Plaintiff attended a hearing with his supervisors on March 12, 2002. Defendant then sent plaintiff a termination letter dated March 13, 2002, citing a violation of company rules of conduct and discipline. Def. Ex. 1. Plaintiff maintains that he did not learn of his termination until receiving the letter on March 21, 2002. WCB Tr. at 9, Pl. State Div. of Human Rights Complaint ¶ 6.

B. **Procedural History**

On January 14, 2003, plaintiff filed a complaint with the Federal Equal Employment Opportunity Commission (EEOC) and the State Division of Human Rights (SDHR) alleging that defendant had violated the Human Rights Law of the State of New York by engaging in an unlawful discriminatory practice relating to employment. Pl. Complaint ¶¶ 9, 10; Def. Ex. B, SDHR Determination and Order. After an investigation and review, on January 27, 2004, the

---

attached to his opposition to this motion. See Evans v. New York Botanical Garden, No. 02 Civ. 3591, 2002 WL 31002814, *4 (S.D.N.Y. Sept. 4, 2002) ("A court may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment") (citing Mack v. South Bay Beer Distribs., 798 F.2d 1279, 1282 (9th Cir.1986) ("a court may take judicial notice of 'records and reports of administrative bodies'"), *overruled on other grounds by* Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991)). The Court can take judicial notice of the WCB hearing transcript and the SDHR complaint because they are analogous to a state administrative procedure. Arguably these facts, attached as part of plaintiff's opposition, are integral to plaintiff's complaint as they substantiate his claim in the face of a 12(b)(6) motion. A court may consider documents attached to or integral to the complaint without converting the motion into one for summary judgment. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).

SDHR found that there was no probable cause to support plaintiff's claim. Id. Plaintiff appealed to the EEOC which upheld the SDHR decision and issued a right to sue letter on March 8, 2004. Plaintiff then filed his complaint in this Court on August 10, 2004.

Plaintiff alleges defendant failed to accommodate his disability and then terminated his employment based on his disability, in violation of the ADA. Complaint ¶¶ 4, 7. Defendant claims plaintiff filed his EEOC/SDHR complaint beyond the 300 days allotted under 42 U.S.C. § 2000e-5(e)(1). However, the dates according to plaintiff's papers indicate that his filing was timely.

## II. DISCUSSION

### A. Motion to Dismiss Standard

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co., Inc., 32 F.3d 697, 699-700 (2d Cir. 1994). Dismissal is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 79 (2d Cir. 2003) (citations and quotations omitted). When a party is proceeding pro se, the Court is obliged to "read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### B. ADA Claim

#### 1. Timeliness

Defendant argues that plaintiff failed to file his claim with the EEOC and SDHR within

3

300 days of the alleged discriminatory act and that his ADA claim is therefore time-barred. Def. Mem. at 3. The ADA discrimination claims are governed by the same procedure as Title VII claims. 42 U.S.C. § 12117(a), Stalter v. Bd. of Coop. Educ. Servs., 235 F.Supp.2d 323, 332 (S.D.N.Y. 2002) ("[t]he ADA incorporates the statute of limitations of Title VII of the Civil Rights Act of 1964"). Therefore, the time-frame for filing an ADA claim with the EEOC under 42 U.S.C. § 2000e-5(e)(1) is "three hundred days after the alleged unlawful employment practice occurred. . . ." See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) ("only those acts that occurred 300 days before . . . the day that Morgan filed his charge, are actionable"). See Elmenayer v. ABF Freight Sys., Inc., 318 F.3d 130, 133 (2d Cir. 2003) ("claim is time-barred if the plaintiff, after filing a charge with an appropriate state or local agency, does not file a charge with the EEOC within 300 days after 'the alleged unlawful employment practice'") (quoting 42 U.S.C. § 2000e-5(e)(1) and citing Morgan). The 300 day period starts running on the date the employee receives notice of the alleged discriminatory act. See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 713 (2d Cir. 1996); Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 23 (2d Cir.1985) (stating that the 300 day filing period begins on the date "when the employee receives a definite notice of the termination. . . ." ) (citing Delaware State Coll. v. Ricks, 449 U.S. 250 (1980)).

Plaintiff indicates in his complaint that the alleged unlawful employment practice occurred to his "best recollection" on March 3, 2002, though the Court notes that he is likely referring to the March 5 incident. Complaint ¶ 5. The alleged unlawful employment practice was plaintiff's termination, and plaintiff states under oath that he first learned of his termination when he received a letter on March 21, 2002. State Div. of Human Rights Complaint ¶ 6. On January 14,

2003, plaintiff filed his complaint within the 300 day requirement.

Accepting for the moment plaintiff's statement that he received notice of termination on March 21, 2002, the Court holds that plaintiff's claim is not time-barred.

## 2. **Discrimination Under the ADA**

In a complaint alleging discrimination, a plaintiff must give "'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Sanzo v. Uniondale Union Free Sch. Dist., 225 F.Supp.2d 266, 269 (E.D.N.Y. 2002) (applying holding of Swierkiewicz to an ADA claim). Therefore, to survive a Rule 12(b)(6) motion to dismiss under this standard, a complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Swierkiewicz 534 U.S. at 508 (quoting Fed. R. Civ. P. 8(a)(2)). See also Phillips v. Girdich et al., 405 F.3d 124, 127 (2d Cir. 2005) (citing Swierkiewicz and Fed. R. Civ. P. 8 in case finding pro se litigant need only provide a short and plain complaint as long as defendant has notice of the claims against it). As stated above, when a party is proceeding pro se, the Court is obliged to "read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d at 790.

Plaintiff filed a form complaint indicating that defendant discriminated against him based on his disability, adding "I was injured and they did not call ambulance [sic] then I was fired." Complaint ¶ 7. Apparently plaintiff is complaining that his employer failed to offer any accommodation to him following his injury. While the pleading leaves much to be desired in terms of the clarity of the ADA claim, and may indeed be vulnerable to dismissal on summary judgment, the Court concludes that this pro se litigant has offered enough to warrant some

measured discovery.

## III. CONCLUSION

Since plaintiff alleges his termination was not relayed to him until March 21, 2002, his filing was timely. Construing his complaint liberally, plaintiff appears to articulate a claim under the ADA. Defendant's motion is denied.


SO ORDERED.

Dated: Brooklyn, New York

    July _1_, 2005

                                         RAYMOND J. DEARIE
                                         United States District Judge